FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JUL 1 6 2015

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

ALICE VICKERS,

      Plaintiff,

v.

WEST VIRGINIA UNIVERSITY
BOARD OF GOVERNORS; and
ROBERT DEWITT,

      Defendants.

Civil Action No.: 1:15-cv-00081-IMK
(Honorable Irene M. Keeley)

## PROTECTIVE ORDER

By signing this Protective Order, the parties have agreed to be bound by its terms and to request its entry by the Court.  It is hereby **ORDERED** as follows:

**I.    DISCOVERY PHASE:**

    A.    If a party or an attorney for a party has a good faith belief that certain documents or other materials (including digital information) subject to disclosure pursuant to a discovery or other request, are confidential and should not be disclosed other than in connection with this action and pursuant to this Protective Order, the party or attorney shall mark each such document or other material as "**CONFIDENTIAL**."

    B.    If a party or an attorney for a party disputes whether a document or other material should be marked "**CONFIDENTIAL**," the parties and/or attorneys shall attempt to resolve the dispute between themselves.  If they are unsuccessful, the party or attorney challenging the "**CONFIDENTIAL**" designation shall do so by filing an appropriate motion.

    C.    No party or attorney or other person subject to this Protective Order shall distribute, transmit, or otherwise divulge any document or other material which is marked

"**CONFIDENTIAL**," or the contents thereof, except in accordance with this Protective Order. Court personnel are not subject to this Protective Order while engaged in the performance of their official duties.

D.    Any document or material which is marked "**CONFIDENTIAL**" or the contents thereof, may be used by a party, or a party's attorney, expert witness, consultant, or other person to whom disclosure is made, only for the purpose of this action.  Nothing contained in this Protective Order shall prevent the use of any document or other material which is marked "**CONFIDENTIAL**" or the contents thereof, at any discovery deposition taken in this action.

E.    If a party or attorney wishes to disclose any document or other material which is marked "**CONFIDENTIAL**" or the contents thereof, to any person actively engaged in working on this action (e.g., expert witness, paralegal, associate, consultant), the person making the disclosure shall do the following:

1.    Provide a copy of this Protective Order to the person to whom disclosure is made;

2.    Inform the person to whom disclosure is made that s/he is bound by this Protective Order;

3.    Instruct the person to whom disclosure is made to return any document or other material which is marked "**CONFIDENTIAL**" at the conclusion of this case, including notes or memoranda made from "**CONFIDENTIAL**" material; and

4.    At the conclusion of this action, gather the "**CONFIDENTIAL**" materials, copies thereof, any related notes and memoranda, and return them to the party or attorney who originally disclosed them or destroy them.

## II.    POST-DISCOVERY PHASE

If any party or attorney wishes to file, or use as an exhibit or as evidence at a hearing or trial, any "**CONFIDENTIAL**" document or material, s/he must provide reasonable

6922196

notice to the party that produced the document or material. The parties and/or attorneys shall then attempt to resolve the matter of continued confidentiality by either (a) removing the "**CONFIDENTIAL**" marking, or (b) creating a mutually acceptable redacted version that suffices for purposes of the case. If an amicable resolution proves unsuccessful, the parties and/or attorneys may present the issue to the court for resolution. The proponent of continued confidentiality will have the burden of persuasion that the document or material should be withheld from the public record in accordance with controlling precedent. *See, e.g., Press-Enterprise Co. v. Superior Court,* 478 U.S. 1, 8-9 (1986); *Virginia Dept. of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004).

## III.    INADVERTENT PRODUCTION OF PRIVILEGED MATERIALS

Each party shall make a good faith effort to review the documents it produces in this action for privilege and to withhold all documents that it claims are privileged or otherwise protected from disclosure. However, if a producing party inadvertently produces information, documents, objects or things that it considered to be, in whole or in part, privileged or protected material, such inadvertent production does not constitute a waiver of any applicable privilege or protection. The producing party may retrieve an inadvertent production as described below. No party shall use any such information or materials in any way except as provided herein.

Within thirty (30) days (a) after the discovery of the inadvertent production or (b) after a document has been marked at a deposition or attached to a motion, whichever is sooner, but in any event no less than sixty (60) days before trial, the producing party shall give written notice to the receiving party that the producing party claims such information or material to be, in whole or in part, privileged or protected material.

6922196

Upon receipt of such notice, the receiving party shall cease to make any additional copies of any information or material in the inadvertent production and, within fifteen (15) days, (a) return to the producing party or destroy and certify in writing to the producing party that all copies thereof in their possession or control have been returned or destroyed or (b) object in writing to the producing party's assertion of privilege or protection, setting forth the basis for the objection.  No information or material in the inadvertent production shall be used by any receiving party until the dispute is resolved.  Should any party object to the producing party's assertion that privileged or protected material has inadvertently been produced, it shall be the producing party's burden to promptly move the Court for an order compelling the return of the material and information on the grounds that it is privileged or protected.  Such a motion shall be filed under seal, with the Court to conduct an in camera review of the material or information. The party objecting to the producing party's assertion of privilege shall maintain the produced information or material solely for the purpose of objecting to the privilege assertion.

*July 16, 2015*

**ENTER:** *Irene M. Keeley*

**The Honorable Irene M. Keeley**

Respectfully submitted,

| | |
|---|---|
| **/s/ Sean W. Cook  (by ABW with permission)** | **/s/ Allison B. Williams** |
| Sean W. Cook, (WV Bar No. 10432) | Susan L. Deniker (WV Bar No. 7992) |
| MEYER FORD GLASSER & RADMAN, PLLC | Allison B. Williams (WV Bar No. 11329) |
| 120 Capitol Street | STEPTOE & JOHNSON PLLC |
| Charleston, WV 25301 | 400 White Oaks Boulevard |
| (304) 345-3900 | Bridgeport, WV 26330 |
| sean.cook@meyerandford.com | (304) 933-8000 |
| | susan.deniker@steptoe-johnson.com |
| *Counsel for Plaintiff* | allison.williams@steptoe-johnson.com |
| | |
| | *Counsel for Defendants* |

6922196